IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                           **Petitioner,**

        v.                                                    **CASE NO. 23-3221-JWL**

DANIEL L. SCHNURR,

                           **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Anthony Leroy Davis on the court-approved form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.) The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and concluded that this matter is subject to dismissal in its entirety. Accordingly, on October 6, 2023, the Court issued a notice and order to show cause (NOSC), explaining why this matter is subject to dismissal. (Doc. 4.) Specifically, the Court explained that despite being filed on the form for petitions seeking relief under § 2241, the petition appeared to challenge the constitutionality of his 1989 convictions and sentences, a claim which must be brought under 28 U.S.C. § 2254. *Id.* at 2-3. Moreover, the Court noted that it would do no good to recharacterize this matter as one seeking relief under § 2254 because it would then be an unauthorized second or successive petition over which this Court would lack jurisdiction. *Id.* at 3-4. The Court granted Petitioner time in which to show cause, in writing, why this matter should not be dismissed. *Id.* at 5.

---

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

On October 11, 2023, the Court received from Petitioner a document titled "Notice and Responsive Motion for a More Definite Statement Rule 12[e]cite. To Show Cause. [*sic*]" (Doc. 5.) Liberally construing the document, as is appropriate since Petitioner proceeds pro se, it appears to seek clarification of and to respond to the NOSC. First, it appears that the Petitioner is confused by the Court's denial as moot of his motion for leave to file application for writ of habeas corpus. *See id.* at 1-2. To the extent that Petitioner intended to seek leave to file a second or successive § 2254 petition, he must seek and obtain that authorization directly from the Tenth Circuit, not from this Court. The Court therefore construed the motion as seeking leave to file a § 2241 petition and denied it as moot because at the time, Petitioner did not need the Court's leave to file a § 2241 petition. There was no error and, despite Petitioner's assertion, the NOSC need not be stricken from the record.

In the October 11, 2023 filing, Petitioner also asserts that Respondents' conduct is the proximate cause of his injuries; briefly discusses *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the constitutional right to effective assistance of counsel; and asserts that he has exhausted all of his avenues of appeal. (Doc. 5, p. 2-4.) Finally, Petitioner addresses his experiences in prison and alleges the improper payment of $9,000,000,000.00 to "known guilty territ[o]ries" by the United States. *Id.* at 4. None of these assertions affect the Court's conclusion, as explained in the NOSC, that Petitioner has failed to state a claim on which relief may be granted under 28 U.S.C. § 2241.

On October 18, 2023, the Court received from Petitioner a "Notice and Motion to District Court of Appeals, 'Response to Show Cause.'" (Doc. 6 (capitalization normalized, all other errors in original).) The 24 pages that make up this filing and its attachments include a wide range of arguments. Petitioner claims his state-court convictions were constitutionally invalid, this Court

has misapplied Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this petition should be heard to prevent a fundamental miscarriage of justice, conclusory denials of portions of the NOSC, the purported inclusion by reference of documents filed in other federal cases brought by Petitioner, a constitutional challenge to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other arguments that are difficult to understand.

The Court has carefully reviewed all of Petitioner's filings and even liberally construing them, the Court concludes that Petitioner has not shown good cause why this matter should not be dismissed. Put simply, the petition filed to initiate this matter seeks relief under 28 U.S.C. § 2241, but none of the arguments in that petition attack the execution of his state sentence or sentences. *See Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). The facts alleged in the petition in support of Petitioner's claim for relief allege that the state courts "lacked jurisdiction to enter his judgment or sentence" and that Petitioner "got no process." (Doc. 1, p. 7.) As has been previously explained to Petitioner, a challenge to the constitutionality of a state conviction or the imposition of a state sentence—which must be brought under 28 U.S.C. § 2254—is different than a challenge to the execution of a state sentence—which may be brought under 28 U.S.C. § 2241.

For the reasons stated above, the Court remains convinced that this matter fails to state a claim on which federal habeas relief can be granted under 28 U.S.C. § 2241. When, as here, the only arguments made for relief are ones that must be brought under 28 U.S.C. § 2254, the Court generally considers whether construing the habeas petition as seeking relief under § 2254 could lead to the petitioner obtaining relief. In his responses to the NOSC, however, Petitioner makes clear that he is not seeking relief under any federal habeas statute other than § 2241. (Doc. 6-1, p.

8.) Therefore, this matter will be dismissed without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a claim on which federal habeas relief may be granted. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 14th day of November, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge